IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN N. CASTELLANO, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-02304 |
| ) | |
| VERNON BETTS, in his official ) | JURY TRIAL DEMANDED |
| and individual capacities as Sheriff of ) | |
| the City of St. Louis, ) | |
| ) | |
| and ) | |
| ) | |
| THE CITY OF ST. LOUIS, MISSOURI ) | |
| ) | |
| and ) | |
| ) | |
| ST. LOUIS SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### PARTIES & JURISDICTION

1. At all times relevant herein, Plaintiff, John N. Castellano, III (hereinafter "Castellano"), was and is a resident of the City of St. Louis, in the State of Missouri and a citizen of the United States of America. At all times relevant herein, Castellano has been employed by the City of St. Louis (hereinafter "City") through the St. Louis Sheriff's Department (hereinafter "Department") located in the City of St. Louis, State of Missouri, in the Eastern Division of the Eastern District of Missouri. Castellano is Caucasian.

2. Defendant Vernon Betts (hereinafter "Betts") was elected Sheriff in November 2016 and took office in January 2017. He has supervisory authority over the Department and its

Employees and is the final policymaker for the Department. He is sued in both his individual and official capacities.  Betts is African American.

3. Defendant City of St. Louis is a municipal corporation organized and existing under the laws of the State of Missouri and more specifically a charter city not within a County. Defendant St. Louis Sheriff's Department is a sheriff's department organized and existing under the laws of the State of Missouri within the City of St. Louis.

4. The adverse employment actions Castellano suffered when he was not promoted by the Defendants occurred in the City of St. Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

5. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §§ 1981 and 1983, and § 213.010 *et seq*. R.S.Mo.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

7. The City/Department is an "employer" within the meaning of the Missouri Human Rights Act in that it employs six or more persons within the State of Missouri and is a political subdivision of the State.  § 213.010 R.S.Mo.

8. Defendant Betts was a person acting directly in the interest of an employer in 2017, and therefore, he was an "employer" within the meaning of the Missouri Human Rights Act before the amendment to the Act became effective on August 28, 2017.

## FACTS COMMON TO ALL COUNTS

9. Castellano has been an employee of the Department since 1998.

10. In September 2016, Castellano put in an application to be considered for promotion to the rank of sergeant.

11. As set forth above, Betts became the Sheriff of the City of St. Louis in January 2017. At the first roll call after his election, Betts announced that all racists that are still here (meaning in the Department) need to leave and don't f—k with me.

12. According to the Manual of Policy, Rules, and Regulations (hereinafter "Manual") promulgated by Betts for the Department, promotions to the rank of sergeant are filled from eligibility lists established for the position.

13. The Manual further provides that eligibility lists are created utilizing a competitive testing process that consists of a written or oral test, performance evaluations, and the evaluation of training and experience of the candidates, or any combination thereof.

14. According to the Manual, notice of a promotional examination is distributed to all potential candidates.

15. According to the Manual, applicants must meet the minimum qualifications for a position in order to participate in the competitive testing process.

16. For a deputy to participate in the competitive testing process for sergeant, s/he must have completed five (5) years of continuous services as a Deputy II, Deputy I, or Senior Deputy with the City or possess comparable experience in law enforcement or the military or by education.

17. Candidates who complete the examination are placed on an eligibility list in rank order based upon overall exam scores.

18. Vacancies are filled from the eligibility list based upon a designated top percentile and interviews with the Sheriff.

3

19. According to the Manual, eligibility lists remain in effect for two years, unless good cause exists to extend the list or to create a new list before the expiration of the list.

20. On or about April 19, 2017, Betts promoted Antoine Cannon (hereinafter "Cannon"), an African American deputy, to the rank of sergeant, even though he had been hired in April 2014, and therefore, had not been a sheriff's deputy for at least five (5) years. Cannon was fired in July 2019 by Defendants after he was convicted of domestic violence for handcuffing his 71-year old mother-in-law and forcing her onto the ground and then a couch to prevent her from leaving his apartment, resulting in injury to her. Cannon was permitted to continue working as a sergeant in the Department after he was charged with domestic violence until he was convicted of this crime.

21. When Betts promoted Cannon, he did not use the competitive testing process set forth in the Manual he promulgated.

22. Castellano timely filed a Charge of Discrimination as to the April 2017 promotion to sergeant with the EEOC and MCHR on or about June 12, 2017, which Charge was received by Defendants prior to August 2017.

23. On or about August 7, 2017, Castellano learned that Betts promoted another African American deputy to the rank of sergeant, Danny McGinnis.

24. Once again, Betts did not follow his own promulgated policies in making this promotion. Upon information and belief, Betts did not follow his own policies to ensure that an African American employee would be promoted.

25. Castellano timely filed a Charge of Discrimination regarding the August 2017 promotion with the EEOC and MCHR on October 11, 2017.

26. On or about August 23, 2017, Castellano filed a lawsuit challenging the April

2017 promotion of Cannon to sergeant in the Circuit Court of the City of St. Louis.

27. On or about November 26, 2018, Castellano learned that two more African American deputies were promoted to sergeant, Walter Allen and Anthony Evans. Upon information and belief, these promotions were effective December 3, 2018.

28. Once again, Betts did not follow his own promulgated policies in making these promotions.

29. Betts did not generally announce the opening of any sergeant position before it was filled until March 2019. When open sergeant positions were announced by Betts in March 2019, Castellano applied for promotion to sergeant, as he had done in September 2016, the last time promotions were announced.

30. Castellano timely filed a Charge of Discrimination regarding the November 2018 promotions with the EEOC and MCHR on April 11, 2019.

31. The MCHR issued a right to sue letter as to the August 2017 promotion on August 5, 2019. Castellano cannot receive a right to sue letter regarding the December 2018 promotion from the MCHR until September 2019 at the earliest.

32. Castellano is still awaiting right to sue letters from the EEOC regarding the August 2017 and December 2018 promotions.

33. Castellano will amend his Complaint to reflect his additional race and retaliation claims under Title VII and the MHRA once he is issued the necessary right to sue letters.

## COUNT I
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL
## PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count I of Plaintiff's cause of action against both Defendants, Plaintiff states as follows:

34. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

35. Defendants, acting under color of state law, deliberately acted against Castellano when he was not promoted in August 2017 and/or December 2018 because of his race, Caucasian, causing him to be deprived of his rights secured by the Constitution and laws of the United States.

36. The actions, policies and practices complained of were in violation of Castellano's rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law secured by the Fourteenth Amendment to the United States Constitution, claims cognizable pursuant to 42 U.S.C. § 1983.

37. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority within the the Department as part of a deliberate policy of discrimination against a white employee of the Department.

38. As a direct and proximate result of the acts of the Defendants as alleged herein, Castellano was not promoted to the rank of sergeant, resulting in lost wages and benefits of employment, as well as lost promotional opportunities in the future.

39. As a direct and proximate result of the acts of the Defendants as alleged herein, Castellano has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional and/or personal reputation.

40. The conduct of Defendant Betts as set forth herein was wanton, willful, and showed a reckless indifference to Castellano's constitutional and statutory rights as set forth

6

above, justifying an award of punitive damages against him in his individual capacity to punish him and to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff John Castellano prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of sergeant with all of the privileges and emoluments of such position; awarding him damages for any lost wages and benefits he has suffered, awarding damages to Castellano for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional and/or personal reputation; awarding Castellano punitive damages against Defendant Betts in his individual capacity in such sum as this Court believes will serve to punish him and to deter him and others from like conduct in the future; awarding Castellano the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED
## BY  42 U.S.C. SECTION 1981

For Count II of Plaintiff's cause of action against both Defendants, Plaintiff states as follows:

41.     Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

42.     Defendants did not promote Castellano to the rank of sergeant in August 2017 or December 2018, even though he was more qualified for the open positions.

43.     Castellano's race was the determining factor, motivating factor, or played a part in

7

the Defendants' decisions not to promote him.

44. Any stated reason for promoting the African American employees of the Department over Castellano was not the real reason for promoting them over Castellano but a pretext to hide race discrimination.

45. As a direct and proximate result of the acts of the Defendants as alleged herein, Castellano was not promoted to the rank of sergeant, resulting in lost wages and benefits of employment, as well as lost promotional opportunities in the future.

46. As a direct and proximate result of the acts of the Defendants as alleged herein, Castellano has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

47. The conduct of Defendant Betts as set forth herein was wanton, willful, and showed a reckless indifference to Castellano's statutory rights as set forth above, justifying an award of punitive damages against Defendant Betts in his individual capacity to punish him and to deter him and others from like conduct in the future.

WHEREFORE, Plaintiff John Castellano prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of sergeant with all of the privileges and emoluments of such position; awarding him damages for any lost wages and benefits he has suffered, awarding damages to Castellano for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional and/or personal reputation; awarding Castellano punitive damages against

Defendants Betts in his individual capacity in such sum as this Court believes will serve to punish him and to deter him and others from like conduct in the future; awarding Castellano the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## RACE DISCRIMINATION CLAIM UNDER THE MHRA – AUGUST 2017 PROMOTION

For Count III of Plaintiff's cause of action against both Defendants, Plaintiff states:

48. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

49. Defendants did not promote Castellano to the rank of sergeant in August 2017 because of his race, Caucasian.

50. Upon information and belief, Castellano was more qualified for the sergeant promotion than the African American deputy selected for this position, which is why Defendants did not follow their own promotion policy.

51. Any purported reasons that the Defendants might offer for the promotion of an African American deputy over Castellano to the rank of sergeant in August 2017 is nothing but pretext to conceal the Defendants' illegal discrimination against him.

52. Castellano was discriminated against because of his race when he was not promoted as set forth above.

53. The acts and/or omissions complained of herein were in violation of Castellano's rights secured by §213.010 *et seq*. R.S.Mo.

54. As a direct and proximate result the acts of the Defendants alleged herein,

Castellano has suffered and will continue to suffer lost wages and other benefits of employment, as well as the loss of future promotion opportunities.

55. As a direct and proximate result the acts of the Defendants alleged herein, Castellano has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

56. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against them jointly and severally appropriate in this case to deter such conduct in the future.

WHEREFORE, Plaintiff John Castellano prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief, to include but not necessarily be limited to promoting him to the rank of sergeant with all of the privileges and emoluments of such position; awarding him damages for any lost wages and benefits he has suffered, awarding damages to Castellano for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional and/or personal reputation; awarding Castellano punitive damages against the Defendants in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future; awarding Castellano the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## RETALIATION CLAIM UNDER THE MHRA – AUGUST 2017 PROMOTION

For Count IV of Plaintiff's cause of action against both Defendants, Plaintiff states:

57. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

58. Castellano filed a Charge of Discrimination against Defendants on or about June 12, 2017.

59. Castellano was not considered or selected for promotion to sergeant on or about August 7, 2017, and therefore, an adverse employment action was taken against him after he complained about discrimination.

60. A causal connection exists between Castellano's discrimination complaint and the promotion he did not receive.

61. The acts and/or omissions complained of herein were in violation of Castellano's rights secured by §213.010 *et seq*. R.S.Mo.

62. As a direct and proximate result the acts of the Defendants alleged herein, Castellano has suffered and will continue to suffer lost wages and other benefits of employment, as well as the loss of future promotion opportunities.

63. As a direct and proximate result the acts of the Defendants alleged herein, Castellano has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

64. Defendants conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against them jointly and severally appropriate in this case to deter such conduct in the future.

WHEREFORE, Plaintiff John Castellano prays this Court enter judgment in his

favor and against the Defendants and thereafter order Defendants to make him whole by granting him equitable relief to include but not necessarily be limited to promoting him to the rank of sergeant with all of the privileges and emoluments of such position; awarding him damages for any lost wages and benefits he has suffered, awarding damages to Castellano for his emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional and/or personal reputation; awarding Castellano punitive damages against the Defendants in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future; awarding Castellano the costs of this action, together with his reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**

By:     /s/ Lynette M. Petruska
Lynette M. Petruska, Mo. Bar No. 41212
lpetruska@plebanlaw.com
J.C. Pleban, Mo. Bar No. 63166
JC@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

Attorneys for Plaintiff