IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN N. CASTELLANO, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-02304-SRC |
| ) | |
| VERNON BETTS, ) | |
| ) | |
| and ) | |
| ) | |
| THE CITY OF ST. LOUIS, MISSOURI ) | |
| ) | |
| Defendants. ) | |

**Defendants' Statement of Uncontroverted Material Facts
in Support of Its Motion for Summary Judgment**

Defendant City of St. Louis and Vernon Betts ("Defendants") aver in support of their Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7-4.01 that following material facts are undisputed:

1. John N. Castellano III ("Plaintiff") is and was at all times relevant a Caucasian individual employed by Defendant City, through the St. Louis Sheriff's Department ("Department"). Doc. 14, Plaintiff's Second Amended Complaint, ¶ 1.

2. Plaintiff has been continuously employed by the Department since 1998. Doc. 14, Plaintiff's Second Amended Complaint, ¶ 9; Exhibit A, DFT 000076 – 000077.

3. Plaintiff currently holds and at all times relevant held the title "Senior Deputy" within the Department. Exhibit A, DFT 000077; Exhibit B, DFT 000079, DFT 001944 – 001945.

4. Plaintiff has received at least three pay raises since August 17, 2017. Exhibit B.

1

5.      Defendant City of St. Louis ("City") is a charter city not within a county organized and existing under the laws of the State of Missouri. Doc. 14, Plaintiff's Second Amended Complaint, ¶ 3.

6.      The Department operates as a county office for the City of St. Louis, also organized and existing under the laws of the State of Missouri. Doc. 14, Plaintiff's Second Amended Complaint, ¶ 3.

7.      Defendant Vernon Betts ("Betts") is an African American male elected to the position of Sheriff for the City of St. Louis in November 2016 and is being sued in his individual capacity. Doc. 14, Plaintiff's Second Amended Complaint, ¶ 2.

8.      Plaintiff dually filed his first Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") against "City of St. Louis/St. Louis Sheriff's Department" on June 22, 2017 alleging that Plaintiff was discriminated against based on his race (Caucasian) when an African American deputy was promoted to sergeant in April 2017. Exhibit C, deposition of John Castellano, pg. 14:4 – 15:16; Exhibit D, Charge No. 560-2017-01475.

9.      Plaintiff filed a petition for damages under the Missouri Human Rights Act ("MHRA") against Betts and City on August 23, 2017 in the Circuit Court for the City of St. Louis (Cause No. 1722-CC11086) regarding the allegations outlined in his first Charge. Exhibit E; August 23, 2017 Petition.

10.     Plaintiff dually filed his second Charge with the MCHR and the EEOC against "City of St. Louis/St. Louis Sheriff's Department" on October 5, 2017 alleging that Plaintiff was discriminated against based on his race (Caucasian) as well as in retaliation for filing his previous Charge when an

African American deputy was promoted to sergeant in August 2017. Exhibit C, pg. 15:17 – 16:22; Exhibit F, Charge No. 560-2018-00093.

11. Plaintiff dually filed his third Charge with the MCHR and the EEOC against "City of St. Louis/St. Louis Sheriff's Department" on March 5, 2019 alleging that Plaintiff was discriminated against based on his race (Caucasian) as well as in retaliation for filing his previous Charges and a "discrimination lawsuit"[1] when two African American deputies were promoted to sergeant in December 2018. Exhibit C, pg. 16:23 – 17:20; Exhibit G, Charge No. 560-2019-01033.

12. On October 24, 2019, after written discovery was completed and before any depositions were taken, Plaintiff voluntarily dismissed his pending lawsuit (Cause No. 1722-CC11086). Exhibit H, October 24, 2019 dismissal.

13. Betts read each of Plaintiff's three Charges (although he does not specifically recall the third Charge) and turned each one over to the St. Louis City Counselor's Office to handle. Betts filed the Charges away in a drawer and did not investigate nor charge anyone within the Department with investigating Plaintiff's Charges. Exhibit I, deposition of Vernon Betts, pg. 22:24 – 23:6; 24:18 – 25:12; 26:6 – 28:16.

14. Betts promulgated a Sheriff's Manual on January 3, 2017. The January 3, 2017 Sheriff's Manual is a re-promulgation of the same manual under the previous Sheriff (Jim Murphy) that Betts did not make changes to. Exhibit J, January 3, 2017 Sheriff's Manual; Exhibit I, pg. 62:5 to 63:14.

15. Betts promulgated an updated Sheriff's Manual on March 16, 2018. The January 3, 2017 Sheriff's Manual is a re-promulgation of the same manual under the previous Sheriff (Jim Murphy) that Betts did not make changes to. Exhibit K, March 16, 2018 Sheriff's Manual; Exhibit I, pg. 69:5 to 69:9.

---

[1] Plaintiff originally filed Cause No. 1722-CC11086.

16.     There are identical policies outlined for promotion from Deputy to Sergeant in both the January 3, 2017 and the March 16, 2018 Sheriff's Manuals. Exhibit J, pg. DFT 000011 through DFT 000014; Exhibit K, pg. DFT 000982 through DFT 000985; Exhibit I, pg. 126:6 – 10.

17.     The exact same policy for promotion was included in the manual during the time period wherein all of the promotions Plaintiff contests he should have received occurred. Exhibit J, pg. DFT 000011 through DFT 000014; Exhibit K, pg. DFT 000982 through DFT 000985; Exhibit I, pg. 126:7 – 10.

18.     The policy for promotion in both Sheriff's manuals specifically states that "The above promotion process is subject to modification, updating or waiver at the [sole][2] discretion of the Sheriff." Exhibit J, pg. DFT 000014; Exhibit K, pg. DFT 000985.

19.     Betts is the sole decision maker in the Department regarding promotions. Exhibit I, 29:5 – 29:8.

20.     Betts has never made a promotion using the specific promotional procedure outlined in the Sheriff's manual. Exhibit I, 125:3 – 126:6; 129:8 – 129:14; Exhibit C, pg. 25:25 – 26:7.

21.     The Sheriff's manual explicitly allows waiver of the promotional procedure at the Sheriff's discretion. Exhibit J, pg. DFT 000014; Exhibit K, pg. DFT 000985 Exhibit I, 125:19 – 125:22.

22.     Betts' practice in determining promotions is to evaluate candidates' merit through personal observations of that person at work and speaking with the candidate, the candidate's supervisor(s), and Betts' supervisory staff generally. Exhibit I, pg. 168:2 – 170:12.

23.     Betts has not ever reviewed an employee's file before making promotions. Exhibit I, pg. 129:15 – 130:15.

---

[2] The word "sole" was inserted to this phrase in the March 16, 2018 update to the Sheriff's manual.

24. Antoine Cannon (an African American male) was promoted from deputy to sergeant within the Transportation Unit ("Transportation") effective April 19, 2017. Exhibit I, pg. 161:11 – 161:19; 162:19 – 163:6.

25. The sergeant opening Cannon filled was previously held by Sergeant Chappelle Norise, and became available due to ███████████████████████████████. Exhibit I, pg. 160:11 – 161:10; 162:19 – 162:23.

26. Betts promoted Cannon without considering any other candidates because Cannon had been working for some time directly in coordination with Norise. Betts' understanding from others in the Department as well as his personal observations was that Cannon was doing an excellent job under Norise in Transportation and that there was no need to seek someone else out to do the job Cannon was already doing. Exhibit I, pg. 163:2 – 163:6; 164:9 – 165:5.

27. Betts did not review Cannon's disciplinary or performance history prior to promoting him to sergeant. Exhibit I, pg. 165:10 – 165:24; 166:10 – 167:17.

28. Betts based his decision to promote Cannon on his personal observations and conversations with other supervisors. Betts believes he discussed promoting Cannon with the lieutenant Cannon reported up to in the Transportation Unit (Lester Stewart) and that any other supervisors in the office may have given him their opinions on Cannon. Exhibit I, pg. 174:12 – 175:8.

29. Betts considered Cannon's educational background, character and demeanor on the job to be impressive. In particular, Cannon was very pleasant and had decent communication skills. Exhibit I, pg. 175:9 – 176:1.

30. At the time Cannon was promoted to sergeant, Plaintiff had never expressed interest in promotion to Betts nor was Betts made aware that Plaintiff had expressed interest in promotion under Sheriff Murphy. Exhibit I, pg. 163:20 – 163:23.

31. On May 23, 2017, Betts promoted Felicia Davis (an African American female) from deputy to sergeant within the Courts Unit ("Courts") where she had served as an "acting sergeant" since 2015. Plaintiff did not contest Davis' promotion. Exhibit L, detailed summary of promotions, pg. DFT 003094; Exhibit M, Felicia Davis Personnel Record; Exhibit S, deposition of Corporate Representative Tammy Hogan, pg. 60:11 – 61:6.

32. On May 23, 2017, Betts promoted Timothy Haill (a Caucasian male) from deputy to sergeant while working within the Internal Affairs Division ("IAD") where he had been serving since 2014. Plaintiff did not contest Haill's promotion. Exhibit L, pg. DFT 003094; Exhibit N, Timothy Haill Personnel Record; Exhibit T, deposition of Timothy Haill pg. 6:6 – 6:17.

33. On August 7, 2017, Betts promoted Danny McGinnist (an African American male) from deputy to sergeant in the Courts Unit ("Courts"). Exhibit L, pg. DFT 003094; Exhibit O, Danny McGinnist Personnel Record.

34. Betts promoted McGinnist to an opening for sergeant in Courts based on McGinnist working in that particular unit at the time a sergeant spot became available, his merit and discussions Betts had with other supervisors. Regarding merit, Betts observed that McGinnist in particular was a very articulate communicator, proficient in courtroom procedure, that he worked well with others and had some leadership experience. Exhibit I, pg. 194:14 – 195:1; 196:18 – 198:5; 202:11 – 202:19.

35. Betts believes he spoke with at least three supervisors (Major Lammert, Lieutenant Kehoe-Roop, and Sergeant Haill) regarding promotion of McGinnist, none of whom had any objection. Exhibit I, pg. 196:18 – 197:2.

36. Betts did not review any personnel file related to McGinnist and was not aware of any disciplinary history prior to promoting him to sergeant. Exhibit I, pg. 199:2 – 199:19.

6

37. Plaintiff was working in Transportation at the time McGinnist was promoted to sergeant in Courts. Exhibit C, pg. 28:15 -28:20.

38. At the time McGinnist was promoted to sergeant, Plaintiff had not submitted any letter for consideration to Betts nor had any supervisor or colleague recommended Plaintiff for that position. Exhibit C, pg. 28:21 – 29:2.

39. On January 8, 2018, Betts promoted Dorothy Griggs Hamilton (an African American female) from deputy to sergeant within the unit she was working (Criminal Records). Plaintiff did not contest Hamilton's promotion. Exhibit L, pg. DFT 003094; Exhibit O, Dorothy Griggs Personnel Record.

40. On December 3, 2018, Betts promoted Walter Allen and Anthony Evans (both African American males) from deputy to sergeant within Courts.  Exhibit L, pg. DFT 003094; Exhibit Q, Walter Allen Personnel Record; Exhibit R, Anthony Evans Personnel Record. Exhibit S, pg. 44:4 – 44:6.

41. Allen had been working in Courts for the previous 9 years when he was promoted to sergeant within Courts. Exhibit I, pg. 214:13 – 215:2; Exhibit S, pg. 57:22 – 58:1.

42. Betts discussed Allen and Evans' potential promotions with his supervisory staff, including Sgt. Haill, Cpt. Tammy Hogan, Col. Roberts, Lt. Felicia Davis Lt. Neil Hogan, and Lt. Kehoe-Roop. Exhibit I, pg. 225:19 – 228:3.

43. Allen was promoted based in part on Betts' observations of his good demeanor, character, personality, and ability to communicate with others. Exhibit I, pg. 228:10 – 228:24.

44. Evans was promoted based in part on his perfect attendance record and Betts' observations of his personality and ability to get along with everybody. Exhibit I, pg. 228:10 – 228:24.

45. Evans had 11 years of experience working in Courts prior to his promotion to sergeant within Courts. Exhibit S, 57:16 – 57:21.

46. Plaintiff was working in Transportation at the time Allen and Evans were promoted to sergeant in Courts. Exhibit C, pg. 31:10 – 32:1.

47. At the time Allen and Evans were promoted to sergeant, Plaintiff had not submitted any letter for consideration to Betts, had not expressed interest in the positions to anyone in the Department nor had any supervisor or colleague recommended Plaintiff for that position. Exhibit C, pg 28:21 – 29:2; 54:14 – 55:23; Exhibit U, Plaintiff's March 14, 2019 letter.

48. Plaintiff did not ever personally submit a letter of interest in promotion to Betts nor did he ever discuss interest in promotion with Betts. Exhibit C, pg. 55:18 – 56:8.

49. The only letter expressing interest in promotion the Plaintiff has submitted during Betts' tenure was on March 14, 2019. Exhibit U; Exhibit C, pg. 55:2 – 55:23.

50. Plaintiff submitted his March 14, 2019 letter of interest to Sergeant Haill. At the time of submission Plaintiff's letter was not signed or dated, so Sgt. Haill called Plaintiff back to the office to sign and date his letter. Neither Betts nor Sgt. Haill know why Plaintiff did not submit his letter to Betts. It is common knowledge in the Department that letters of interest should be submitted to the Sheriff. Exhibit T, pg. 36:23 to 38:7; Exhibit I, pg. 233:3 – 234:21.

51. Betts did not discriminate or retaliate against Plaintiff. Exhibit I, pg. 29:9 – 29:16.

52. In Betts' observations Plaintiff does not communicate well, has shown poor judgment and poor work ethic, has not done anything to stand out in a good way, and does not have a good personality for being a supervisor. Exhibit I, pg. 232:6 - 236:11.

53. Betts is particularly concerned with supervisors being good communicators. Betts believes Plaintiff's communication skills are extremely poor, based in part that Plaintiff has only spoken to him once that he can recall in his four years as Sheriff. Exhibit I, pg. 155:6 – 156:4.

54. Betts remains open to promoting Plaintiff in the future. Exhibit I, pg. 154:5 – 154:12.

55. Plaintiff submitted two letters regarding his interest in promotion to Sheriff Murphy, one in 2010 and one in 2016. Ex. C, pg. 22:1 – 24:16.

Respectfully submitted,
MICHAEL GARVIN,
CITY COUNSELOR

By: __/s/ Korey Lewis_____

Korey Lewis #68203MO
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4651
Fax: 314-622-4956
LewisK@stlouis-mo.gov
**ATTORNEY FOR DEFENDANTS**